IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
At Albuquerque NM
FEB 28 2017
MATTHEW J. DYKMAN
CLERK

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Cr. No. 16-1104 JP |
| DENNISON HALE, | ) |
| | ) [Rule 11c1C] |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, **DENNISON HALE**, and the Defendant's counsel, Aric G. Elsenheimer, Esq.:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to be prosecuted by indictment;

    b. to plead not guilty, or having already so pleaded, to persist in that plea;

    c. to have a trial by jury; and

    d. at a trial:

        1) to confront and cross-examine adverse witnesses,

  2)  to be protected from compelled self-incrimination,

  3)  to testify and present evidence on the Defendant's own behalf, and

  4)  to compel the attendance of witnesses for the defense.

## **WAIVER OF RIGHTS AND PLEA OF GUILTY**

3. The Defendant agrees to waive these rights and to plead guilty to the sole Count of the information, charging a violation of 18 U.S.C. §§ 1153 and 111, that being Murder in the Second Degree.

## **SENTENCING**

4. The Defendant understands that the maximum penalty provided by law for this offense is:

  a. imprisonment for a period of not more than life;

  b. a fine not to exceed the greater of $250,000.00 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

  c. a term of supervised release of not more than five years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

  d. a mandatory special penalty assessment of $100.00; and

  e. restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**On February 20, 2016, I, Dennison Hale, an enrolled member of the Navajo Nation who is considered an Indian under Federal law, intentionally and on purpose struck my wife, KH, in the head with a crowbar with the intent to seriously injure or kill her. After she fell down and screamed, I struck her in the head with the crowbar a second time and then ran away. I later learned that KH died that morning from the injuries I caused. At the time I struck KH, I was angry that she had been texting with another man. This occurred at our home within the exterior boundaries of the Navajo Nation.**

9. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

10. The United States and the Defendant recommend as follows:

   a. The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of from no less than one hundred and eighty (180) months up to but not more than two hundred and forty (240) months imprisonment is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur. The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length

and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

b. If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

11. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

12. Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

13. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance

from the specific sentence of from no less than one hundred and eighty (180) months up to but not more than two hundred and forty (240) months imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure.  If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## RESTITUTION

14. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

## WAIVER OF APPEAL RIGHTS

15. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court.  In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

16. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

     a.     Following sentencing, the United States will move to dismiss the indictment filed in this case alleging Murder in the First Degree.

     b.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

17. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

18. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

19. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

**SPECIAL ASSESSMENT**

20.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $<u>100.00</u> in payment of the special penalty assessment described above.

**ENTIRETY OF AGREEMENT**

21.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this <u>28</u> day of <u>February</u>, 2016.

DAMON P. MARTINEZ
United States Attorney

_____
Michael D. Murphy
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274


I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Aric G. Elsenheimer
Attorney for the Defendant

      I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

                                                        _/s/ Dennison Hale_
                                                        Dennison Hale
                                                        Defendant